MANN *against* ALBERTI.

Philadelphia,
Tuesday,
December 26.

IN this cause a judgment for a sum exceeding sixty dollars, *After a cause*
was rendered against the defendant by an alderman of *has been once decided either*
the city on the 22d *July* 1805; and after the expiration of *by a jury, a jus-*
twenty days, but before execution had issued, the defendant *tice of the peace,*
offered to enter special bail, to obtain a stay of execution for *or by referees, and is remaining*
nine months, agreeable to the 9th section of the act of 28th *in court for de-*
*March* 1804, 5 *St. Laws* 390. The alderman refused to take *cision on a mat- ter of law, it is*
the bail, and on the 1st *November* 1805, issued execution. *not in the power*
The record being then removed to this court by *certiorari*, *of either party to submit it to*
the defendant filed an exception to the execution. He af- *arbitration un-*
terwards gave notice of his intention to submit it to arbitra- *der the act of 29th March*
tion under the act of 29th *March* 1809, 9 *St. Laws* 125, to *1809.*
which the plaintiff objected; and it was now agreed to dis- *The defendant in a suit before a*
cuss together the validity of the exception, and the defen- *justice of the*
dant's right to the arbitration. *peace, is enti- tled to enter*
*special bail, to*
*Franklin* (attorney general) for the plaintiff, contended that *obtain a stay of*
*execution, after*
the provisions of the arbitration law embraced exclusively *the twenty days*
questions of fact, which had not undergone a trial; and that *allowed for an*
*appeal have ex-*
all its details negatived the arbitration of a point of law, *pired; provided*
which had already been decided by the magistrate. Upon *an execution has not already*
the exception to the execution, he said, that although no time *issued.*

1809.

MANN
v.
ALBERTI.

was expressly limited by the act, for the entering of special bail, yet as only twenty days were allowed for an appeal, at the expiration of which an execution might issue, it was the defendant's duty at all events to enter it within that time; indeed from the case of *Calvert* v. *Pitt* (a) he was bound to enter it *instanter* upon the rendering of the judgment.

*Levy* for the defendant, relied upon the comprehensive words in the first section of the arbitration law, that it should be lawful " for either party in all civil actions or suits, to " enter a rule of reference," &c. without qualification either as to the character of the question involved, or the situation of the suit; and as the legislature had conferred upon the arbitrators the power to decide law as well as fact, there was no legal absurdity in referring a point of law. On the exception, he argued, that as there was no limitation of time, it became necessary to resort to the reason of the thing. The stay of execution was intended for the benefit of the defendant, the special bail for the security of the plaintiff. If the plaintiff obtained the bail before execution, his security was the same as if it had been entered within twenty days; and if the defendant did not obtain the stay, he was deprived of a privilege which the law intended; although allowing it to him would not injure the plaintiff. *Calvert* v. *Pitt* arose under another law, and the principle relied upon was merely a *dictum* of the Chief Justice.

TILGHMAN C. J. This cause was originally determined by alderman *Wharton*, and removed to this court by *certiorari.* The defendant here filed exceptions, and the cause having stood some time on the argument list, he entered a rule of reference under the act supplementary to an act entitled an act to regulate arbitrations and proceedings in courts of justice. The plaintiff objects to this rule, and we are called upon to decide, whether it was regularly entered.

The defendant relies on the first section of the act, in which it is said, that " it shall be lawful for either party " plaintiff or defendant, or their lawful attorney, in all civil

(a) 1 *Dall.* 406.

"actions or suits brought or to be brought in any court of "this commonwealth, to enter at the prothonotary's office a "rule of reference," &c.

Upon an attentive consideration of the whole act, I am clearly of opinion that it was not the intention of the legislature to give either party the power without consent of the other, to take a cause out of court, and submit it to arbitrators, after it had been once decided either by a jury or referees, or a justice of peace or alderman, and was remaining in this court for decision on a matter of law. The arbitrators are sworn "*justly* and *equitably* to try all matters in vari- "ance submitted to them;" and they have power to decide "the law and the facts that may be involved in the cause "submitted to them." All the details of the act are founded on the supposition that there were facts to be decided. In order therefore to comply with the general spirit and intention of it, *the generality of the expressions in the first sec-* tion must be restrained to cases where a trial had not already taken place.

This point being disposed of, I proceed to consider the defendant's objections to the proceedings before the alderman.

Judgment was entered for the plaintiff 22d *July* 1805. Sometime in the month of *August* following, more than twenty days after the judgment, the defendant appeared before the alderman, and offered to enter special bail. The sufficiency of the bail was not objected to, but the alderman refused to take it, because more than twenty days had elapsed from the date of the judgment. An execution was issued *November* 1, 1805, and the defendant excepts to it as having been illegally issued. This is the only point to be decided. It depends on the act commonly called the hundred dollar act, passed 28th *March* 1804. By the fourth section, twenty days after judgment are given for either party to appeal. By the ninth section it is declared that "in all cases where "the defendant is a freeholder, or shall enter special bail to "the action, and the judgment shall be above five dollars "thirty-three cents and not exceeding twenty dollars, there "shall be a stay of execution for three months; and where "the judgment shall be above twenty dollars, and not exceed- "ing sixty dollars, there shall be a stay of execution for six

1809.

MANN
*v.*
ALBERTI.

1809.

MANN
v.
ALBERTI.

" months; and where the judgment shall be above sixty dol-
" lars, and not exceeding a hundred dollars, there shall be a
" stay of execution for nine months."

The stay of execution was intended solely for the benefit
of the defendant; and it is not said within what time the
bail shall be entered. But as no more than twenty days are
allowed for entering an appeal, there is nothing to prevent
the plaintiff from taking out execution, if the bail is not en-
tered within twenty days. In the case before us, the plaintiff
did not apply for an execution at the end of the twenty days,
and before he did apply, the defendant offered good bail,
which was refused. If the bail had been taken when offered,
the plaintiff would have derived as much benefit from it, as
if it had been entered within twenty days. I can see nothing
in the act which prevents the entry of bail after twenty days,
if an execution has not been taken out; and without an ex-
press provision for that purpose, I think the defendant ought
not to be deprived of the stay of execution.

I am therefore of opinion that the alderman acted impro-
perly in refusing the bail, and issuing an execution. It fol-
lows that the execution must be set aside. The judgment
must be affirmed, no objection having been made to it.

YEATES J. I fully subscribe to all that the Chief Justice
has said about this case not being within the arbitration act;
but differ from him on the other point. Under what is
called the forty shilling act, passed 28th *May* 1715, 1 *St.
Laws* 113, the judgment of the justice of the peace is con-
clusive to both parties without further appeal, and execution
if required is immediately awarded against the defendant.
The five pound act, passed 1st *March* 1745, (*Id.* 304) di-
rects, that in debts between forty shillings and five pounds
no execution shall be issued against a freeholder in less than
three months after judgment, unless it be verified by affida-
vit, that there is danger of losing the debt by such delay;
and when the defendant is not a freeholder, the execution
against him shall be respited for the like term of three
months, on his entering into recognisance with one sufficient
surety in the nature of special bail, conditioned to deliver
the body of the defendant to the sheriff, or to pay the debt
adjudged. The act also gives an appeal to either party, ex-

cept on the report of auditors, within six days after the judgment rendered, but not after, upon giving the security prescribed by the law. Under this law, it has been decided in this court in *Calvert* v. *Pitt* in 1789 (1 *Dal.* 406), that the defendant after judgment given against him by a justice, ought to enter into a recognisance *instanter* with at least one good surety: but he may afterwards withdraw his security, or appeal to the Common Pleas within the six days allowed by the act.

The twenty pound act passed 19th *April* 1794 (3 *St. Laws* 536) stays execution when the debt is above five pounds and not exceeding ten pounds, for six months from the date of the judgment, if the defendant is a freeholder, or enters special bail; and where the debt is above ten pounds and not exceeding twenty pounds, execution is stayed for nine months in the case of a freeholder, or entry of special bail.

The decision of this case rests on the true construction of the hundred dollar act passed 28th *March* 1804, (6 *St. Laws* 383) which was made perpetual with a few alterations, by an act passed 9th *April* 1807, repealing former laws on the subject (8 *St. Laws* 78).

The third section directs that where the debt does not exceed five dollars thirty-three cents, the judgment of the justice shall be final; if referees are chosen, and judgment be rendered on their report for a sum not exceeding fifty-three dollars, it shall also be final. Under section fourth, where either party refuses to refer, the justice shall decide, " either " party having the right to appeal within twenty days after " judgment being given." The seventh section directs, that where judgment is given by default, " twenty days shall be " allowed for an appeal, before any further proceedings are " had." And by the ninth section, stay of execution is directed in particular enumerated cases, where the defendant is a freeholder, or gives special bail. If the debt is above sixty dollars and does not exceed one hundred, a stay of execution of nine months is allowed.

It has been urged by the defendant's counsel, that *George Boots* offered to alderman *Wharton* to become security for the debt, in the nature of special bail, after the expiration of the twenty days, and was refused; and that the law fixing no

1809.

MANN
v.
ALBERTI.

time for the entry of the special bail, in order to stay the execution, a defendant is entitled to enter it any time within the nine months, provided the plaintiff has not issued his execution.

This appears to me contrary to the general spirit of the act under consideration, and opposed to the principle of the resolution of this court in *Calvert* v. *Pitt* before cited. I have endeavoured to inform myself on this subject since the argument; and from what I have been able to collect, I have reason to believe that the construction generally received and acted upon by the justices of the peace, is directly opposed to the position of the defendant. The period of twenty days is allowed for an appeal, and no further proceedings can be had on a judgment by default till that time is expired. It appears to me that within this interval it is incumbent upon him to determine on the measures which he means to pursue. He may either enter his appeal, or, if he is no freeholder, may give special bail to stay execution according to the terms of the act, during that space of time; but I think he ought not to be permitted to take either step afterwards. If he should receive such permission, though he might be possessed of goods and effects more than sufficient to pay the debt, the creditor would be thereby prevented from suing out execution, till the end of the time prescribed; and the debtor might afterwards surrender himself to gaol in discharge of his bail, and thus defeat his creditor from the recovery of a just demand. I am of opinion the judgment should be affirmed in *toto*.

BRACKENRIDGE J. concurred with the Chief Justice.

Judgment affirmed and execution set aside.