## BRYAN v. COMLY.

### November 10, 1838.

*Rule to show cause why the fieri facias and capias ad satisfaciendum should not be set aside.*

1. Judgment September 25, 1838. Writ of error purchased October 3, 1838, (bail duly entered) and served on prothonotary October 19, 1838, before 12 o'clock, M. Same day about 3 P. M., plaintiff issued a *fieri facias* and *capias ad satisfaciendum*, which was held to be irregular, and the executions were set aside.

2. A writ of error duly issued and served before a fieri facias issued and levied, prevents further execution, and it is not necessary that the opposite party should have notice of the writ.

3. The acts of 11th March, 1834, and 16th June, 1836, provide for and only refer to the *supersedeas* of an execution, in cases where execution has been issued and served within three weeks from the date of the judgment.

JUDGMENT in this case was obtained on the 25th day of September, 1838, for want of an affidavit of defence. October 3, 1838, the plaintiff purchased a writ of error, and bail was regularly entered. October 19, 1838, the writ of error was lodged in the office of the prothonotary of this court before 12 o'clock, M., but no notice thereof was given to plaintiff, who, about 3 o'clock of same day, issued a *fieri facias* and *capias ad satisfaciendum*. The defendant obtained this rule to show cause why the *fieri facias* and *capias ad satisfaciendum* should not be set aside.

*Heiskell*, against the rule, said, 1. That by the acts of 11th March, 1809, 11th March, 1834, and 16th June, 1836, this writ of error was no *supersedeas*, having issued more than three weeks after the date of the judgment. (*Stroud's Purd. tit. Errors and Appeals*, and *Executions*.) 2. The defendant should have given notice to plaintiff of the writ of error.

*Guillou*, contra.

PER CURIAM.—The act of 1809, extends only to cases of judgments on special verdicts, demurrers, and cases stated. The acts of 1834 and 1836 do not alter the law, that a writ of error, on which bail has been duly entered and served at any time before execution issued, or if issued, before it is *executed*, (which,

[Bryan v. Comly.]

in the case of a *fieri facias,* is so considered if *levied,*) prevents execution. The limit as to time is prescribed by the act of 1791, which is seven years, with certain exceptions in favour of minors, &c. An analogous rule is found in the case determined on the act relating to justices of the peace, by which bail for stay of execution may be entered more than twenty days after judgment, and it will prevent the issuing of an execution. (Man *v.* Alberti, 2 *Binn.* 195.)

The acts referred to simply provide, that the writ, if issued within three weeks from the day of the judgment, shall be a *supersedeas,* although an execution within that time may have been issued and executed. It is not necessary that the plaintiff in error should give notice to the opposite party of his writ. 5 *Taunt.* 204; *Tidd* 1172; *Bingham on Ex.* 265; 17 *Johns. R.* 74; 2 *Harr. & Johns.* 7.

Rule absolute.